Ghassan **TOBEAY**, Plaintiff–Appellant,

v.

William A. **HALTER**, Commissioner of Social Security, Defendant–Appellee.

No. 00–3645.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

Ghassan Tobeay appeals a district court judgment affirming the Commissioner's denial of his applications for social security disability insurance benefits and for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Tobeay filed an application for social security disability insurance benefits and an application for supplemental security income benefits alleging that he suffered from dizziness, confusion, paranoia, impaired hearing, headaches, and pain in the back, legs, and stomach. Following a hearing, the administrative law judge (ALJ) determined that Tobeay was not disabled because he could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Tobeay then filed a complaint challenging the Commissioner's decision. The district court subsequently granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Secretary of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Tobeay argues that the Commissioner erred by not finding that he was disabled pursuant to Rule 201.17 of the medical-vocational guidelines. Tobeay contends that under Table 1 of 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.17, he should have been found disabled by the Commissioner. The rule states that a younger individual between the ages of forty-five and forty-nine, who is illiterate, or is unable to communicate in English, with an unskilled work experience, is disabled. Tobeay is a younger individual. However, the record establishes that he has a limited ability to communicate in English. Further, Tobeay testified that he can read parts of a newspaper, write his own address, and can read and write "very little" English. As Tobeay has a limited ability to communicate in English, Rule 201.17 is not applicable to his case.

Further, Tobeay suffers from numerous nonexertional impairments. Tobeay cannot perform a full range of sedentary work. Rather, he can perform only a limited range of sedentary work. Because

Tobeay suffers from nonexertional limitations, the medical-vocational guidelines cannot be applied to his case. *See Damron v. Secretary of Health and Human Servs.*, 778 F.2d 279, 281–82 (6th Cir.1985). Since the medical-vocational guidelines are not applicable to Tobeay's case, the ALJ properly obtained the testimony of a vocational expert. The vocational expert indicated that there are a significant number of jobs in the economy which Tobeay can perform. Therefore, the Commissioner's decision is supported by substantial evidence.

Accordingly, we affirm the district court's judgment.